UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NAYQUON SCURRY,

                             **Plaintiff,**            Civil Action No.:____

            -against-                            **COMPLAINT**

                                                   **JURY TRIAL DEMANDED**

CITY OF NEW YORK, DETECTIVE DANIEL CRUZ, TAX
REG. # 936405, UNDERCOVER #CO300, AND OTHER
UNIDENTIFIED NEW YORK CITY POLICE OFFICERS
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY

                           **Defendants**
-----------------------------------------------------------------X

CV 15 2353

MAUSKOPF, J.

POHORELSKY, M.J.

Plaintiff by his attorney Edward Zaloba, Esq., alleges as follows for his Complaint:

## PRELIMINARY STATEMENT

1.    This is a civil action against the City of New York, Detective Daniel Cruz, TAX REG. # 936405, Undercover #CO300, and other unidentified New York City Police Officers, Individually and in their official capacity, to redress the deprivation, under color of state law, of plaintiff's rights, secured by the civil rights act of 1871 42 USC §1983 and rights secured under the common law and privileges and immunities under the United States and New York State Constitutions. This action is grounded upon wrongful, unlawful, and improper acts including, without limitation, false arrest, false imprisonment, and violations of police and public duties and obligations.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §1983, §1985(3), §1986, §1988 and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States

Constitution and pursuant to Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343 and the previously mentioned statutory and constitutional provisions. That jurisdiction is founded upon the existence of a Federal question. Plaintiff further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

3. These matters in controversy, each exceed exclusive of interests and costs, the sum or value of ONE HUNDRED FIFTY ($150,000.00) DOLLARS.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C.§139(b) in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff requests a Jury Trial on claims herein.

## PARTIES

6. Plaintiff, NAYQUON SCURRY, is a resident of Easly, South Carolina.

7. Defendant City of New York ("City"), at all times mentioned, was and is a municipal corporation organized according to the laws of the State of New York. Defendant New York City owns, operates, manages, directs and controls the New York City Police Department which employs the defendant police officers involved herein.

8. Defendants, Detective Daniel Cruz, Tax Reg. # 936405, Undercover #CO300, and other individual New York City Police Officers individually and in their official capacity are and were, at all times mentioned, Police Officers and/or employees of the City of New York. They are sued individually and in their official capacity.

9. Upon information and belief, Police Officers, whose identities and number are presently unknown to plaintiff, are and were, at all relevant times, police officers, supervisors, and/or persons employed by the Police Department of the City of New York.

10. Upon information and belief, at all times and in all their actions described below, defendants were acting under color of state law and within the scope of their employment as police officers, agents, servants and employees of the City of New York and under the City of New York's supervision, direction and control.

11. That the acts of the defendants alleged herein, the constitutional deprivations of the plaintiff, occurred in the County of Queens, New York, in the State of New York.

## STATEMENT OF FACTS COMMON TO PLAINTIFF AND ALL CAUSES OF ACTIONS

12. The Plaintiff resides in Easly, South Carolina.

13. On October 21, 2014, at approximately 7:12 p.m. and thereafter at the location in front of 132-18 157th Street, in the County of Queens, the plaintiff was in a vehicle in the passenger seat where plaintiff was seized and arrested all without probable cause by the defendants.

14. The claimant was falsely charged with various violations of the Penal Law contained in the Criminal Court under Docket # 2014QN062652.

15. The defendants and other unidentified police officers conspired to bring said false charges and continue to maliciously prosecute claimant.

16. Claimant was unlawfully imprisoned as a result of the unlawful conduct of defendants where there was neither probable cause for his arrest nor imprisonment.

17. The defendants and other unknown police officers had reason to know that the allegations were false and meritless but nevertheless arrested the claimant.

18. The plaintiff was forced to appear before the Criminal Court of Queens County where plaintiff remained unlawfully incarcerated for approximately a day.

19. The Plaintiff's matter was dismissed and sealed on February 11, 2015.

20. The Plaintiff was wholly innocent of all charges.

21. The Plaintiff was maliciously prosecuted and forced to appear in court on numerous occasions for over three and a half months as the defendants and other unidentified officers continued their conspiracy.

22. As a result of the Defendants' conduct, the plaintiff was caused to be unlawfully

imprisoned for approximately a day, causing interference with his daily life, caused injury to plaintiff financially and his employment, caused to suffer emotional distress and suffered other injuries as a result of the defendant's violation of his civil rights under both the United States and New York Courts.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS §1983

23. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

24. The conduct and actions of Defendants, Detective Daniel Cruz, Undercover #CO300, and other unidentified New York City Police Officers, under color of state law and acting without probable cause, justification, or otherwise privilege, subjected plaintiff to false arrest against plaintiff's will, and plaintiff was conscious of said confinement and, was done intentionally, maliciously with a deliberate indifference or with a reckless disregard for the natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

(a) Plaintiff was deprived of his First Amendment right to speak freely and to petition the government for redress of grievances;

(b) Plaintiff was deprived of his Fourth Amendment constitutional right to be free from an unreasonable seizure of his person;

(c) Plaintiff was deprived of his Fourth Amendment right to be free from unreasonable seizures of plaintiff's property;

(d) Plaintiff was deprived of his Fourteenth Amendment right to liberty, without due process of law;

(e) Plaintiff was deprived of his Fourteenth Amendment right to equal protection of law;

      (f)      Plaintiff was deprived of his Sixth Amendment Rights to counsel as said defendant officers violated said rights.

25.      As a result of the defendants' conduct, plaintiff was falsely arrested, deprived of liberty, sustained emotional injury, economic loss, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## LIABILITY OF DEFENDANT CITY
## FOR CONSTITUTIONAL VIOLATIONS - MONELL (STATE & FEDERAL)

26.      Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

27.      At all times materials to this complaint, the defendant City of New York, acting through its police department, the New York City Police Department, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

28.      The aforementioned customs policies, uses, practices, procedures and rules of the City of New York and the New York City Police Department included but not limited to arresting persons without probable cause, providing false information to prosecutors, falsifying police reports and testifying falsely under oath.

29.      The defendant City of New York, failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and employees herein, for their ability to conduct proper and truthful police work, for their ability to investigate properly and for their ability to determine probable cause.

30.      The existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and police-making officers and officials of the Police Department and the City of New York for a substantial period of time.

31.      Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervisory and police-making officers and officials of the Police Department and the City of New York have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with

regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

32. Defendant NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by seizing persons without probable cause, falsely arresting person, etc., and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiffs to be subjected to deprivations of their civil rights.

33. That the defendant municipality, NYC, alerted to the existence of a significant number of false arrests by its police officers, by repeated complaints, of false arrest, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite or repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

34. That the defendant municipality, NYC, has also been alerted to the use of malicious prosecution brought by its employee officers to cover up the false arrests and unlawful seizures by its police officers, and that the culture of bringing such false charges and malicious prosecuting victims of NYPD false arrests has been allowed to exist without repercussions to the officers who engage in such behavior.

35. Moreover, the action of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the City of New York, which is implemented by police officers of said City. When officers fabricate charges against citizens, to control and punish said person thus upward mobility of the officers within ranks is accomplished. This conduct of conscious disregard of innocence and lack of probable cause is open and notorious. This is a well established practice and custom of the defendant NYC police department which has been the subject of a voluminous number of civil rights actions.

36. The existence of such de facto policies and/or well-settled and widespread custom and practices have been known to supervisory and police-making officers and officials of the Police Department of the City of New York for a substantial period.

37. Each and every year, thousands of civil rights actions alleging false arrest and unlawful imprisonment by police officers are brought and "settled" by the defendant New York City. Each year, the defendant, New York City spends millions of dollars to settle and/or satisfy said actions. All of the following matters contained allegations of false arrest and unlawful imprisonment by the defendant New York City police officers: **Corey Avent 04 CV 2451, Michel Smith 04 CV 1045, Reginald McMillian 04 CV 3990, Jimmy Stetnnopoulos 01 CV 0771, Ally, Inshan, Tiwari, Ramdass 04 CV 5643, Loxie Shaw 01 CV 4260, Darius Peterson 08 CV 4397, Christian Moran 05 CV 5281, Andre Bryan 07 CV 4939, John Gucu Roberts 06 CV 2687, and Ramos , Escobar 08 CV 1456, Cabral Duarte 06 CV 5523, Theodore Richardson 07CV 3651.** These matters were settled by the Defendant NYC. A multitude of similar matters could be cited if necessary. Of greatest concern, is the fact that the defendant NYC is in possession of all information concerning thousands of similar matters settled. Furthermore, these facts alone substantiate the fact that not only is the defendant New York City aware of said police practices and usages, but moreso, that defendant NYC has failed to stop said practices and has condoned said practices and usages.

38. Upon information and belief, and without limiting the foregoing, the City of New York has specifically failed to terminate said practices in the following manner:

(a) Has failed to properly train, instruct, and discipline police officers with regard to the existence of probable cause;

(b) Has failed to properly train, instruct, and discipline police officers with regard to their violation of civil rights;

(c) Has failed to properly instruct, and discipline police officers with regard to their fabrication of charges against innocent persons;

(d) Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers;

(e) Has structured procedures and standards at the Civilian Complaint Review Board, the Office of Chief of Department, and Internal Affairs in such a manner that an officer's denial of the charges is ordinarily sufficient to remove the threat

      of any discipline or restraint upon the officer's conduct and to prevent any objective review of the officer's conduct.

  (f) Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline.

  (g) Has failed to properly structure the police department to review and discipline the existence of unlawful conspiracy by defendant officers.

  39. Defendant City of New York is directly liable and responsible for the acts of defendants because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the State of New York and the United States.

  40. The knowing and repeated failure of the defendant City of New York to properly supervise, train and discipline said officers actually caused the injuries to plaintiff alleged herein.

  41. Upon information and belief, defendant City of New York knew or should have known that the acts alleged herein would deprive plaintiff of his rights without due process of law, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including, without limitation, such rights as plaintiff's rights to freedom from loss of liberty, freedom of speech, rights to petition for redress of grievances, right to due process, and right to equal protection of the laws.

  42. The defendant City of New York is also directly liable and responsible for the acts of defendants under the doctrine of respondeat superior.

  43. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such polices, practices customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

  44. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS FOR A THIRD CAUSE OF ACTION
## MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

45. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

46. The Defendant officers' issued legal process to place plaintiff under arrest and file false charges.

47. Defendant officers' arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

48. The Defendant officers' acted with intent to do harm to plaintiff without excuse or justification.

49. The Defendant officers' aforementioned actions were conscience shocking and placed plaintiff in apprehension of emotional injuries.

50. As a result of Defendants' conduct, plaintiff has suffered physical and mental anguish, together with shock, fright, apprehension, embarrassment, humiliation and was otherwise harmed damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## NYS CONSTITUTIONAL VIOLATIONS

51. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

52. Defendants subjected plaintiff to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of her rights, privileges and immunities:

    (a) Plaintiff was deprived of his rights to speak freely and to petition the government for redress of grievances, in violation of §§ 8 and 9 of the Constitution of the State of New York;

    (b) Plaintiff was deprived of his rights to be free unreasonable seizures of his person; in violation of § 12 of the Constitution of the State of New York;

    (c) Plaintiff was deprived of his rights to be free from the use of excessive or

unreasonable force in the course of an unlawful seizure, in violation of § 12 of the Constitution of the State of New York;

(d) Plaintiff was deprived of his rights to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

53. As a result of the defendants' conduct, NAYQUON SCURRY was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FAILURE TO INTERVENE

54. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

55. Each and every individual defendant officer and unidentified officers had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights.

56. The individual defendant officers failed to intervene on plaintiff's behalf to prevent the violation of his constitutional rights despite having a realistic opportunity to do so.

57. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to false arrest and unlawful imprisonment.

## AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO 42 USC §1983 AND THE FOURTH AMENDMENT VIA MALICIOUS PROSECTUION

58. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

59. That the plaintiff's rights have been violated under the Fourth Amendment of the

United States Constitution made applicable to the states via the Fourteenth Amendment by the defendant.

60. That said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights. The malicious prosecution ceased when the matter was dismissed and sealed on February 11, 2015.

61. That defendant officers and other unidentified officers swore falsely as to the alleged criminal actions attributed to plaintiff and caused him malicious prosecution to be commenced and continued.

62. That the defendants and other unidentified officers misrepresented and falsified evidence before the District Attorney.

63. That the defendants did not make a complete and accurate statement of facts to the prosecutor.

64. That defendants withheld exculpatory evidence from the District Attorney.

65. That the defendants lacked probable cause to initiate criminal proceedings against the plaintiff.

66. That the defendants acted with malice to initiate criminal proceedings against the plaintiff.

67. That the defendants were directly and actively involved in the construction of the criminal proceeding against the plaintiff.

68. That defendants acted with malice in their continuation of said false charges.

69. That defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

70. Notwithstanding the prejudice and fraudulent conduct of the defendant, the criminal

proceeding were terminated in plaintiff Scurry's favor and all charges against him were dismissed.

71. That all the defendants who knew of the commencement and continuation of the malicious prosecution of the plaintiff are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

**WHEREFORE**, in consideration of each and every claim the plaintiff demands judgment :

A. Compensatory damages in the amount of ONE MILLION ($1,000,000) DOLLARS;

B. Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS;

C. The convening and empanelling of a jury to consider the merits of the claims herein;

D. Costs and interest and attorney's fees;

E. Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Queens, New York
April 21, 2015

Yours, etc.,

_____
EDWARD ZALOBA, Esq.
Attorney for Plaintiff
118-21 Queens Boulevard, Ste. 504
Forest Hills, New York 11375
(718) 261-3000